## In the District Court of Philadelphia.

### LEECH *v.* LEECH, DEFENDANT, AND THE PHILADELPHIA BOARD OF BROKERS, GARNISHEES.

The proceeds of the sale of a seat in the Board of Brokers of a member who failed to settle with his creditors, when sold under the articles of association of the Board, are first applied to his creditors in the Board.

Opinion delivered June 27, 1874, by

LYND, J. We are spared the necessity of deciding whether the seat of a member of The Philadelphia Board of Brokers is a mere personal privilege or personal property; whether, when such seat has been sold, in consequence of the insolvency of such member, he (or his creditors) can, in any event, claim any part of the proceeds of such sale.

Under the articles of association of said Board "the seat of a mem ber who fails to settle with his creditors within a year from the time of his suspension, shall be sold by the secretary, and the proceeds shall be paid pro rata to his creditors in the Board." The seat in question was regularly sold in pursuance of this provision, and the proceeds are insufficient to discharge the claims of the defendants' creditors in the Board.

Surely the effect of the provisions just quoted, was to place the seat (without regard to its technical designation or classification) in the hands of the secretary, in pledge to pay the claims his fellow members might have upon him in the event of his suspension and of his failure to settle with his creditors within one year from the date thereof. Upon this condition he became possessed of his seat. Can he now repudiate the condition? Have his outside creditors any higher rights?.

When he, or they, shall have paid off the claims of his fellow brokers upon this fund, there will be room for the discussion of the question presented on behalf of the plaintiff, at the argument of this case stated. Judgment for the garnishees.